IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| OLGA ADRIANA SARMIENTO,<br>　　　Plaintiff,<br><br>v.<br><br>VALERIE L. PENA, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 5:14-cv-66 |

MEMORANDUM AND ORDER

　　　Before the Court is the Report and Recommendation of United States Magistrate Judge J. Scott Hacker.  (Dkt. 135.)  The Magistrate Judge recommends denying Defendant Pena's Motion for Rule 11 Sanctions (Dkt. 65.) and awarding Plaintiff reasonable attorney's fees incurred in defense of that motion.  Defendant Pena objects to the report.  (Dkt. 136.)  The Court reviews the Magistrate Judge's findings de novo. Fed. R. Civ. P. 72; see also 28 U.S.C. §636(b)(1).

　　　Between these two parties, this is a defamation case. Essentially, Plaintiff is suing Defendant Pena for filing a series of allegedly false police reports that accuse Plaintiff of assaulting Defendant Pena's children.  Defendant Pena's former housekeeper, Socorro Palacios, claims that she observed Defendant Pena coaching the children to make up stories about Plaintiff abusing them.  Needless to say, this witness is important to Plaintiff's case.  Palacios is a Mexican citizen residing in Nuevo

Laredo, Tamaulipas, Mexico, and in 2012, her visa was revoked because she was caught impermissibly working on a nonemployment visa.

In order to obtain Palacios's testimony, Plaintiff moved for permission to depose her remotely by video conference in Nuevo Laredo. (Dkt. 37.) Plaintiff's counsel told the Magistrate Judge that Palacios would have difficulty obtaining a visa to travel to the United States for a deposition, advising that acquiring a new visa would cost about $1,500 and take a year or so to process. Even then, there would be no guarantee that Palacios would be eligible for a visa. Defendant Pena opposed the motion, arguing that there was no evidence aside from Plaintiff's counsel's representations that Palacios would not be allowed to enter the United States to take a deposition. The Magistrate Judge granted Plaintiff's motion. (Dkt. 52.) The deposition was taken on January 26, 2016, via video phone.

Defendant Pena's Rule 11 Motion rests on two claims, (1) Plaintiff's counsel made statements in support of her Motion for Leave unsupported by evidence (Dkt. 65 at pp. 5-6) and (2) Palacios perjured herself in her deposition (Id. at pp. 1, 6-8). Defendant Pena asks the Court to sanction Plaintiff, requesting an order either (1) dismissing the defamation claim with prejudice or (2) striking Palacios's deposition and barring her testimony at trial. (Id. at p. 8.) The Magistrate Judge thoroughly and correctly

analyzed these claims, finding that Plaintiff's counsel did not make unsupported claims and Palacios did not commit perjury. Because the Court agrees with the Magistrate Judge's analysis, it need not rehash it here.

Plaintiff's counsel found herself in a difficult position. A key fact witness had been excluded from the United States, and it was unclear whether she could acquire a visa to come testify. It is undisputed that Palacios was in Mexico and could not, at the time of the deposition, enter the United States for any reason. The Court cannot compel a witness in Mexico to attend a deposition, and neither could Plaintiff's counsel compel Palacios to undergo the difficult, expensive, and time-consuming process of obtaining a visa to enter the United States. By all appearances, Plaintiff's counsel made every reasonable effort to find a way to bring Palacios into the United States to be deposed in person. At worst, a few misunderstandings may have resulted from navigating a language barrier and a complex immigration system. There is no indication of any wrongdoing or deception by Plaintiff or her attorney.

The Court agrees with the Magistrate Judge's award of attorney's fees. When deciding a Rule 11 motion for sanctions, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). These attorney's fees are not

a sanction. <u>Vanliner Ins. Co. v. DerMargosian</u>, 3:12-cv-5074, 2014 WL 1632181 at *1 (N.D. Tex. April 24, 2014). The Court need not find that a defendant's motion is frivolous to award reasonable award fees. <u>Id.</u> at *2. As the Magistrate Judge found, there does not seem to be a good-faith basis supporting Defendant Pena's motion. Therefore, Plaintiff should not have to bear the costs of responding.

<u>CONCLUSION</u>

Accordingly, the Court ACCEPTS the Magistrate Judge's Report and Recommendation. (Dkt. 135.) Defendant Pena's Motion for Rule 11 Sanctions (Dkt. 65) is DENIED and Plaintiff's request for attorney's fees is GRANTED.

Plaintiff is DIRECTED to submit proof of the reasonable attorney's fees she incurred in defense of the Rule 11 Motion by no later than August 11, 2016. The Court will then review the reasonableness of Plaintiff's request.

DONE at Laredo, Texas, this 25th day of July, 2016.

_____
George P. Kazen
Senior United States District Judge